NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

THOMASON PLYWOOD CORPORATION, Respondent.

No. 6943.

United States Court of Appeals Fourth Circuit.

Argued April 13, 1955.
Decided May 9, 1955.

Nancy M. Sherman, Attorney, National Labor Relations Board, Washington, D. C. (David P. Findling, Associate Gen.

Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Samuel M. Singer, Attorney, National Labor Relations Board, Washington, D. C., on brief), for petitioner.

Thornton H. Brooks, Greensboro, N. C. (Brooks, McLendon, Brim & Holderness, Greensboro, N. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

■■ This is a petition to enforce an order of the National Labor Relations Board, which found the Thomason Plywood Corporation guilty of unfair labor practices and ordered it to cease and desist therefrom, to bargain with a union which had been chosen as bargaining representative by its employees in an election and had been certified as such by the Board, and to reimburse employees who had suffered loss of pay on account of discrimination because of union membership and activities. The corporation does not resist the portions of the order which require it to bargain with the union and to cease and desist from unfair labor practices other than those relating to discrimination. It contends, however, that the findings of the Board with respect to discriminatory treatment of employees and the portions of the order based thereon are without substantial support in the record. We think, however, that these findings are amply supported. On the eve of the election threats were made to the workers by employees of supervisory status that, if the union won, over-time work would be cut and privileges enjoyed by the employees would be curtailed. Immediately following the election this was done. Explanation is offered by the corporation, which, if accepted, reasonably explains the action taken. Evidence on the other side, however, justifies the holding that it was taken because of the anti-union fight being made by the corporation and the union membership and activities of the employees. The question was one of fact and the Board might properly consider circumstantial evidence as well as direct evidence in deciding it. The fact that the Trial Examiner may have reached a different conclusion on some of the questions involved, while a matter for our consideration along with other matters in the record, does not mean that the findings of the Board on these questions are not to be upheld if supported by substantial evidence on the whole record. The facts are fully set forth in the Report of the Trial Examiner and the Decision of the Board and need not be repeated here. The order of the Board will be enforced.

Order enforced.